UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEJANDRO HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-01915 |
| | § | |
| PRAXAIR DISTRIBUTION, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## **OPINION AND ORDER**

Pending before the Court is Defendants' Motion to Dismiss. Doc. 8. Having considered the motion, response, reply, the facts in the record, and the applicable law, the Court concludes the motion should be granted with leave to amend.

**I.     Background**

This is an employment discrimination suit under the Fair Labor Standards Act (FLSA) for failure to pay overtime wages, and termination of employment in retaliation for engaging in protected activity. Hernandez alleges he was a local truck driver for Defendants from March 2007 until his termination in March 2013. Doc. 1 at 5 ¶ 31. Hernandez alleges Defendants took wage deductions for his lunch time without allowing him to fully use the allocated time. Doc. 1 at 5 ¶ 33. He also alleges the Defendants failed to pay him for his "on-call" time and to pay an "on-call" bonus. Doc. 1 at 5-6 ¶ 34. Hernandez alleges he was terminated in retaliation for his complaint regarding unpaid overtime and "on-call" time wages. Doc. 1 ¶¶ 35, 55.

**II.    Legal Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Factual matter is limited to "documents attached to or incorporated in the complaint and matters of which judicial notice may be taken." *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

### III. Discussion

The Defendants seek dismissal on two grounds: failure to state a claim and failure to show the Defendants are a single enterprise.

#### A. *Failure to state a claim*

An employer violates the FLSA if it fails to pay covered employees at least one and one half times their normal rate for hours worked in excess 40 hours per work week, or fails to pay covered employees the minimum wage per hour. 29 U.S.C. §§ 206 – 207. In order to claim a FLSA violation for unpaid overtime wages, Hernandez must indicate sufficient facts to support (1) that he was a nonexempt employee of Defendants; (2) he worked in excess of forty hours per week; and (3) he did not receive minimum wage or overtime compensation. Hernandez alleges he was a nonexempt employee of the Defendants, he was regularly required to work in excess of 40 hours per work week and he was not paid overtime wages. Doc. 1 at 5–6 ¶¶ 32, 36-37. Nevertheless, it is not enough to track the statutory elements at the pleading stage. *Twombly*, 550 U.S. at 55 ("[A] formulaic recitation of the elements of a cause of action will not do . . . ."); *see Pruell v. Carnitas Christi*, 678 F.3d 10, 14 (1st Cir. 2012) (finding a simple statement that plaintiffs worked more than forty hours per week inadequate to establish a FLSA claim where the complaint lacked examples or estimates of unpaid time to substantiate the claim); *see Coleman v. John Moore Services, Inc.*, No. H–13–2090, 2014 WL 1671748, at *2 (S.D. Tex.

Apr. 28, 2014) (denying second motion to dismiss where Plaintiff had added "specifics with respect to [his] shift hours and number of days worked per week") (citation omitted).

Hernandez also alleges he was terminated from employment after he complained about his unpaid overtime wages, as a form of retaliation. The FLSA provides, in part, that it is unlawful for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding ..." 29 U.S.C. § 215(a)(3).  In order to establish a prima facie case of retaliation under the FLSA, a plaintiff must plead: "(1) participation in statutorily protected activity; (2) an adverse employment action, and (3) a causal link between the activity and the adverse action." *Hagan v. Echostar Satellite L.L.C.*, 529 F.3d 617, 624 (5th Cir. 2008).  The Fifth Circuit has allowed "an informal, internal complaint to constitute protected activity under Section 215(a)(3)." *Id.* at 625. In doing so, however, the Fifth Circuit acknowledged that there were necessary limitations and that "not all abstract grumblings or vague expressions of discontent are actionable as complaints." *Id.* at 626. The employee's complaint must concern a violation of law, and it must be framed in terms of the possible illegality of the action, which the employer has taken. *Id.*; *see also Maynor v. Dow Chemical*, 671 F. Supp. 2d 902, 923 (S.D. Tex. 2009). In regard to Hernandez's complaint, he fails to assert sufficient factual allegations to indicate he made any form of complaint to the Defendant which stated the illegality of the Defendant's actions or violation of FLSA, and he also fails to establish a causal link between his alleged complaint and his termination. *See Payne v. Universal Recovery, Inc.*, No. 3:11–CV–1672–D–BH, 2011 WL 7415414, at *6–7 (N.D. Tex. Dec. 7, 2011) (showing a sequence of events with dates and other details is sufficient to state a facially plausible claim for retaliation).

### B. Failure to show the Defendants are a single enterprise.

To survive a motion to dismiss, a complaint must allege facts that show either individual or enterprise coverage under the FLSA. *See Lindgren v. Spears*, No. 4:10–CV–1929 (LHR), 2010 WL 5437270, at *1–3 (S.D. Tex. Dec. 27, 2010) (holding FLSA coverage must be alleged because it is an element of the claim). In order to state a claim against the Defendants as a single enterprise, Hernandez must allege Defendants: (1) perform related activities, (2) are a unified operation or under common control, and (3) share a common business purpose. 29 U.S.C § 203(r)(1). Here, Hernandez fails to allege Defendants are a part of a single enterprise under the FLSA. He does, however, state in his complaint, "[A]t all material times, Defendants have been an "enterprise" within the meaning of 29 U.S.C. § 203(r)" and "[T]his Defendant is part of an 'enterprise' . . . and doing business as, TWSCO, Praxair and Praxair Distribution." Doc. 1 at 2–3. These conclusory allegations and mere recitation of statutory elements of FLSA coverage do not show how Defendants satisfy any of the three elements of a single enterprise. *See Orozco v. Plackis,* No. A–11–CV–703, 2012 WL 681462, at *4 (W.D. Tex. Feb. 29, 2012) (granting motion to dismiss where complaint did not allege sufficient facts to demonstrate enterprise coverage but merely recited statutory elements of a single enterprise).

Hernandez also seeks injunctive relief for preservation of evidence. Because he does not allege that any evidence has been destroyed or any facts suggesting destruction is imminent, however, Hernandez has not shown he is likely to succeed on the merits, to suffer irreparable harm, or that the balance of equities tips in his favor. *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008); see *Garcia v. United States*, 680 F.2d 29, 31 (5th Cir. 1982) (temporary restraining order).

Since Hernandez has failed to allege facts that, if taken as true, establish a retaliation and violation claim under the FLSA, the Defendants' Rule 12(b)(6) motion to dismiss is granted with leave to amend to provide a sufficient factual basis consistent with this opinion.

## IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion to Dismiss is **GRANTED** with leave to amend.

SIGNED at Houston, Texas, this 17th day of February, 2015.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE