UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEJANDRO HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-1915 |
| | § | |
| PRAXAIR DISTRIBUTION, INC. and | § | |
| UNITED WELDING SUPPLIES, LLC, | § | |
| | § | |
| Defendants. | | |

## OPINION AND ORDER

Pending before the Court is Defendants' Motion to Dismiss. Doc. 6. Having considered the motion, response, reply, the facts in the record, and the applicable law, the Court concludes the motion should be granted with leave to amend.

## I. Background

This is an employment discrimination suit under the Fair Labor Standards Act (FLSA) for failure to pay overtime wages and for termination of employment in retaliation for engaging in protected activity. Hernandez alleges he was a local truck driver for Defendants from March 2013 until his termination in September 2013. Doc. 1 ¶ 31. Hernandez alleges Defendants failed to pay him overtime wages and to pay him for "off-the-clock" time. Doc. 1 ¶ 33. Hernandez alleges he was terminated in retaliation for complaining about unpaid overtime and "off-the-clock" wages. Doc. 1 ¶ 55.

This suit is virtually identical to a prior suit, *Hernandez v. Praxair Distribution, Inc. and Texas Welders Supply Co., Inc.*, No. 4:14-cv-01535.

## II. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Factual matter is limited to "documents attached to or incorporated in the complaint and matters of which judicial notice may be taken." *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

## III. Discussion

The Defendants seek dismissal on two grounds: failure to plead multiple employer liability and failure to state a claim.

### A. Multiple employer liability

In order to state a claim against both Defendants as a single enterprise, Hernandez must allege Defendants: (1) perform related activities, (2) are a unified operation or under common control, and (3) share a common business purpose. 29 U.S.C § 203(r)(1). Here, Hernandez states in his complaint, "This Defendant is part of an 'enterprise' that owns, or has owned . . . United Welding Supplies, Praxair and Praxair Distribution"; "At all material times, Defendants have been an "enterprise" within the meaning of 29 U.S.C. § 203(r)." Doc. 1 ¶¶ 12, 14. These conclusory allegations and mere recitation of statutory elements of FLSA coverage do not show how Defendants satisfy any of the three elements of a single enterprise. *See Orozco v. Plackis*, No. A–11–CV–703, 2012 WL 681462, at *4 (W.D. Tex. Feb. 29, 2012) (granting motion to dismiss where complaint did not allege sufficient facts to demonstrate enterprise coverage but merely recited statutory elements of a single enterprise; listing cases).

### B. Failure to state a claim

An employer violates the FLSA if it fails to pay covered employees at least one and one half times their normal rate for hours worked in excess 40 hours per work week or fails to pay

covered employees the minimum wage per hour. 29 U.S.C. §§ 206–207. In order to state a claim for unpaid overtime wages, Hernandez must plead (1) he was a nonexempt employee of Defendants; (2) he worked in excess of forty hours per week; and (3) he did not receive minimum wage or overtime compensation. Hernandez alleges he was a nonexempt employee of the Defendants, he was regularly required to work in excess of 40 hours per work week, and he was not paid overtime wages. Doc. 1 ¶¶ 32, 33, 35. Nevertheless, it is not enough to track the statutory elements at the pleading stage. *Twombly*, 550 U.S. at 550 ("[A] formulaic recitation of the elements of a cause of action will not do . . . ."); *see Pruell v. Carnitas Christi*, 678 F.3d 10, 14 (1st Cir. 2012) (holding a simple statement that plaintiffs worked more than forty hours per week was inadequate to establish a FLSA claim where the complaint lacked examples or estimates of unpaid time to substantiate the claim); *compare Coleman v. John Moore Services, Inc.*, No. H-13-2090, 2014 WL 51290, at *1 (S.D. Tex. Jan. 7, 2014) (granting motion to dismiss where Plaintiff only alleged general overtime hours worked), *with Coleman v. John Moore Services, Inc.*, No. H–13–2090, 2014 WL 1671748, at *2 (S.D. Tex. Apr. 28, 2014) (denying second motion to dismiss where Plaintiff had added "specifics with respect to [his] shift hours and number of days worked per week") (citation omitted).

Hernandez also alleges he was terminated from employment after he complained about his unpaid overtime wages, as a form of retaliation. The FLSA provides that it is unlawful for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding . . . ." 29 U.S.C. § 215(a)(3). In order to establish a prima facie case of retaliation under the FLSA, a plaintiff must plead: "(1) participation in statutorily protected activity; (2) an adverse

employment action, and (3) a causal link between the activity and the adverse action." *Hagan v. Echostar Satellite L.L.C.*, 529 F.3d 617, 624 (5th Cir. 2008). The Fifth Circuit has allowed "an informal, internal complaint to constitute protected activity under Section 215(a)(3)." *Id.* at 625. In doing so, however, the Fifth Circuit acknowledged "not all abstract grumblings or vague expressions of discontent are actionable as complaints." *Id.* at 626. The employee's complaint must concern a violation of law, and it must be framed in terms of the possible illegality of the action which the employer has taken. *Id.*; *see also Maynor v. Dow Chemical*, 671 F. Supp. 2d 902, 923 (S.D. Tex. 2009). In regard to Hernandez's complaint, he fails to assert sufficient factual allegations to indicate he made any form of complaint to the Defendant which stated the illegality of the Defendant's actions or violation of FLSA, and he also fails to establish a causal link between his alleged complaint and his termination. *See Payne v. Universal Recovery, Inc.*, No. 3:11–CV–1672–D– BH, 2011 WL 7415414, at *6–7 (N.D. Tex. Dec. 7, 2011) (showing a sequence of events with dates and other details is sufficient to state a facially plausible claim for retaliation).

Hernandez also seeks injunctive relief for preservation of evidence. Because he does not allege that any evidence has been destroyed or any facts suggesting destruction is imminent, however, Hernandez has not shown he is likely to succeed on the merits, to suffer irreparable harm, or that the balance of equities tips in his favor. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Garcia v. United States*, 680 F.2d 29, 31 (5th Cir. 1982) (temporary restraining order).

Since Hernandez has failed to allege facts that, if taken as true, establish a retaliation and violation claim under the FLSA, the Defendants' Rule 12(b)(6) motion to dismiss is granted with leave to amend to provide a sufficient factual basis consistent with this opinion.

## IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion to Dismiss is **GRANTED** with leave to amend.

SIGNED at Houston, Texas, this 15th day of July, 2015.

                                              MELINDA HARMON
                                  UNITED STATES DISTRICT JUDGE